UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| SHARNEE SMITH, individually and on behalf of all others similarly situated,<br><br>v.<br><br>SODEXO, INC.; SODEXO MANAGEMENT, INC.; and SODEXO OPERATIONS,LLC | **Case No.** _____<br>FLSA Collective Action |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Like many other companies across the United States, Sodexo's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2. That hack led to problems in timekeeping and payroll throughout Sodexo's organization.

3. As a result, Sodexo's workers who were not exempt from overtime under federal and state law were not paid for all hours worked and/or were not paid their proper overtime premium for all overtime hours worked after the onset of the Kronos hack.

4. Sharnee Smith is one such worker for Sodexo.

5. Sodexo could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the hack were resolved.

6. But it didn't. Instead, Sodexo used prior pay periods or reduced payroll estimates to avoid paying wages and proper overtime to these non-exempt hourly and salaried employees.

7. Sodexo pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

8. Sodexo made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

9. Sodexo's failure to pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

10. Smith brings this lawsuit to recover these unpaid overtime wages and other damages owed by Sodexo to them and Sodexo's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos hack, but Sodexo's decision to make its own non-exempt employees workers bear the economic burden for the hack.

11. This action seeks to recover the unpaid wages and other damages owed by Sodexo to all these workers, along with the penalties, interest, and other remedies provided by federal law.

### JURISDICTION & VENUE

12. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Sodexo is headquartered in this District.

### PARTIES

14. **Plaintiff Sharnee Smith** is a natural person, consents to join this wage claim. *See*, Exhibit 1, Smith's Consent to Join Wage Claim, dated April 21, 2022.

15. Smith was, at all relevant times, an employee of Sodexo.

16. Smith has worked for Sodexo since March 2021.

17. Smith represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of Sodexo (including its subsidiaries and alter egos) who worked in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

18. Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Workers."

19. **Defendant Sodexo, Inc.** is a foreign corporation.

20. Sodexo, Inc.'s headquarters and principal place of business is in this District.

21. Sodexo, Inc. may be served by service upon its registered agent, **Corporate Creations Network, Inc., #700, 2 Wisconsin Circle, Chevy Chase, MD 20815**, or by any other method allowed by law.

22. **Defendant Sodexo Management, Inc.** is a foreign corporation.

23. Sodexo Management, Inc.'s headquarters and principal place of business is in this District.

24. Sodexo Management, Inc. may be served by service upon its registered agent, **Corporate Creations Network, Inc., #700, 2 Wisconsin Circle, Chevy Chase, MD 20815**, or by any other method allowed by law.

25. **Defendant Sodexo Operations, LLC** is a foreign limited liability company.

26. Sodexo Operations, LLC's headquarters and principal place of business is in this District.

27. Sodexo Operations, LLC may be served by service upon its registered agent, **Corporate Creations Network, Inc., #700, 2 Wisconsin Circle, Chevy Chase, MD 20815**, or by any other method allowed by law.

28. Sodexo, Inc. does business under the assumed name "Sodexo USA."

29. Sodexo Management, Inc. does business under the assumed name "Sodexo USA."

30. Sodexo Operations, LLC does business under the assumed name "Sodexo USA."

31. Sodexo, Inc., Sodexo Management, Inc., and Sodexo Operations, LLC's subsidiaries and alter egos include, but are not limited to:

- Sodexo US
- Sodexo USA
- Sodexo Justice Servcies, LLC
- Sodexo Laundry Services, LLC
- Sodexo Vending Servcies, LLC

32. At all relevant times, Sodexo, Inc. exerted operational control over its subsidiaries and alter egos.

33. At all relevant times, Sodexo, Inc. substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

34. At all relevant times, Sodexo, Inc. had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

35. Sodexo, Inc. employed and/or jointly employed, with its subsidiaries and alter egos, Sodexo, Inc. and the Similarly Situated Workers.

36. Sodexo, Inc. and its subsidiaries and alter egos are joint employers for purposes of the FLSA.

37. At all relevant times, Sodexo Management, Inc. exerted operational control over its subsidiaries and alter egos.

38. At all relevant times, Sodexo Management, Inc. substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

39. At all relevant times, Sodexo Management, Inc. had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

40. Sodexo Management, Inc. employed and/or jointly employed, with its subsidiaries and alter egos, Sodexo, Inc. and the Similarly Situated Workers.

41. Sodexo Management, Inc. and its subsidiaries and alter egos are joint employers for purposes of the FLSA.

42. At all relevant times, Sodexo Operations, LLC exerted operational control over its subsidiaries and alter egos.

43. At all relevant times, Sodexo Operations, LLC substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

44. At all relevant times, Sodexo Operations, LLC had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

45. Sodexo Operations, LLC employed and/or jointly employed, with its subsidiaries and alter egos, Sodexo, Inc. and the Similarly Situated Workers.

46. Sodexo Operations, LLC and its subsidiaries and alter egos are joint employers for purposes of the FLSA.

47. Throughout this Complaint, Sodexo, Inc., Sodexo Management, Inc., and Sodexo Operations, LLC and their subsidiaries and alter egos are referred to jointly as "Sodexo."

## COVERAGE UNDER THE FLSA

48. At all relevant times, Sodexo was an employer of Smith within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

49. At all relevant times, Sodexo was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

50. At all relevant times, Sodexo was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

51. During at least the last three years, Sodexo has had gross annual sales in excess of $500,000.

52. At all relevant times, Sodexo was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

53. Sodexo employ many workers, including Smith, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

54. The goods and materials handled, sold, or otherwise worked on by Smith and other employees of Sodexo and that have been moved in interstate commerce include, but are not limited to, food products.

## FACTS

55. Sodexo provides food services and facilites management operations.

56. Many of Sodexo's employees are non-exempt hourly and salaried workers.

57. Since at least 2021, Sodexo has used timekeeping software and hardware operated and maintained by Kronos.

58. On or about December 11, 2021, Kronos was hacked with ransomware.

59. The Kronos hack interfered with the ability of its customers, including Sodexo, to use Kronos's software and hardware to track hours and pay employees.

60. Since the onset of the Kronos hack, Sodexo has failed to keep accurate track of the hours that Smith and Similarly Situated Workers have worked.

61. Instead, Sodexo has used various methods to estimate the number of hours Smith and Similarly Situated Workers work in each pay period.

62. For example, Sodexo issued paychecks based on scheduled hours or estimated hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

63. As a result of Sodexo's failure to accurately track the actual hours worked each week, employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

64. Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

65. Smith is one of many of Sodexo's employees affected by these pay and timekeeping practices.

66. Instead of paying Smith for the hours she actually worked (including overtime hours), Sodexo simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** Smith's actual hours worked and regular pay rates, in multiple workweeks.

67. In some instances, Smith was paid portions of the overtime she worked, but the overtime rate she was paid was not at least 1.5 times the agreed rate of pay, including required adjustments for shift differentials and non-discretionary bonsuses.

68. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

69. Sodexo knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

70. Sodexo knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

71. Sodexo could has instituted any number of methods to accurately track and timely pay its employees for all hours worked.

72. Instead of accurately tracking hours and paying employees its overtime, Sodexo decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

73. Even to the extent it did pay some overtime to affected employees, Sodexo failed to take into account shift differentials and non-discretionary bonuses, such that the overtime premium Sodexo did pay, if any, was not the full overtime premium owed under the law based on the employees' agreed rate of pay.

74. It was feasible for Sodexo to have its employees and managers report accurate hours so they could be paid the full and correct amounts of money they were owed for the work they did for the company.

75. But Sodexo chose not to do that.

76. In other words, Sodexo pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to

those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

77. Smith is just one of the many employees of Sodexo who had to shoulder the burden of this decision by Sodexo.

78. Smith was a non-exempt hourly employee of Sodexo.

79. Smith regularly worked over 40 hours per week for Sodexo.

80. Smith's normal, pre-Kronos hack hours are reflected in Sodexo's records.

81. Since the Kronos hack, Sodexo has not paid Smith for her actual hours worked each week.

82. Since the hack took place, Sodexo has not been accurately recording the hours worked by Smith and its other workers.

83. Even when Sodexo has issued payment to Smith for any overtime, the overtime is not calculated based on Smith's regular rates, as required by federal law.

84. Sodexo was aware of the overtime requirements of the FLSA.

85. Sodexo nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Smith.

86. Sodexo's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

87. The full overtime wages owed to Smith and the Similarly Situated Workers became "unpaid" when the work for Sodexo was done—that is, on Smith and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985),

*modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

88. At the time Sodexo failed to pay Smith and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Sodexo became liable for all prejudcment interest, liquidated damages, penalties, and any other damages owed under the law.

89. In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

90. Even if Sodexo made any untimely payment of unpaid wages due and owing to Smith or the Similarly Situated Workers, any alleged payment was not supervised by the Department of Labor or any court.

91. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

92. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Sodexo's acts and omissions resulting in the unpaid wages in the first place.

93. Smith and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by Sodexo under federal law.

## COLLECTIVE ACTION ALLEGATIONS

94. Smith incorporates all other allegations.

95. Numerous individuals were victimized by Sodexo's patterns, practices, and policies, which are in willful violation of the FLSA.

96. Based on her experiences and tenure with Sodexo, Smith is aware that Sodexo's illegal practices were imposed on the FLSA Collective.

97. The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

98. These employees are victims of Sodexo's unlawful compensation practices and are similarly situated to Smith in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

99. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

100. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

101. Sodexo's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

102. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION—OVERTIME VIOLATIONS OF THE FLSA

103. Smith incorporates each other allegation.

104. By failing to pay Smith and the FLSA Collective members overtime at 1.5 times their regular rates, Sodexo violated the FLSA. 29 U.S.C. § 207(a).

105. Sodexo owes Smith and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

106. Sodexo owes Smith and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

107. Likewise, Sodexo owes Smith and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which she worked over 40 hours in the week, but were not paid in full for all hours.

108. Sodexo knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

109. Because Sodexo knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Sodexo owes these wages for at least the past three years.

110. Sodexo's failure to pay overtime compensation to Smith and the FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

111. Because Sodexo's decision not to pay overtime was not made in good faith, Sodexo also owes Smith and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

112. Accordingly, Smith and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

**RELIEF SOUGHT**

Smith prays for judgment against Sodexo as follows:

a. For an order certifying a collective action for the FLSA claims;

b. For an order finding Sodexo liable for violations of federal wage laws with respect to Smith and all FLSA Collective members covered by this case;

c. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Smith and all FLSA Collective members covered by this case;

d. For an equitable accounting and restitution of wages due to Smith and all FLSA Collective members members covered by this case;

e. For a judgment awarding attorneys' fees to Smith and all FLSA Collective members covered by this case;

f. For a judgment awarding costs of this action to Smith and all FLSA Collective members covered by this case;

g. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Smith and all FLSA Collective members covered by this case; and

h. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ George G. Triantis*
**GEORGE G. TRIANTIS, ESQ.**
Bar Membership ID: 21254
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-577-4761
Facsimile: 813-257-0572
GTriantis@forthepeople.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**